UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE POWELL YOUNG, | 2:24-cv-1869-CKD P |
| Plaintiff, | |
| v. | ORDER |
| JEFF LYNCH, et al., | |
| Defendants. | |

Plaintiff Tyrone Powell Young, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. Plaintiff paid the filing fee. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's complaint is before the court for screening. The complaint states an Eighth Amendment excessive force claim against defendants Hibbard, Baker, Leavens, Rodriguez, Jones, and Acuna. No other claims are stated. Plaintiff must choose how to proceed and notify the court as set forth below.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915A, the court must screen every complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must order dismissal if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(A). A claim is legally frivolous when it lacks an

arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Allegations in the Complaint

The events described in the complaint took place at CSP-Folsom. (ECF No. 1 at 1.) Defendants are Warden Lynch, Sergeant R. Hibbard, Sergeant D. Baker, Officer M. Leavens, Officer N. Rodriguez, Officer T. Jones, and Officer A. Acuna. (Id. at 1-2.)

On the afternoon of Wednesday July 20, 2022, plaintiff informed Officer N. Rodriguez, Officer M. Leavens, and Sergeant Hibbard that he could not be housed with inmate Simpson due to security reasons. (ECF No. 1 at 5). After Rodriguez ordered plaintiff to cuff up, plaintiff stated he is only to be handcuffed with special chains in front due to being a senior citizen. (Id.) Sergeant Hibbard insisted plaintiff's cuffs be placed behind his back and ordered Officer Rodriguez and Officer Leavens to throw plaintiff to the ground, face first, which Rodriguez and Leavens did, causing injury to plaintiff. (Id.)

After plaintiff received medical evaluation and treatment to his facial area, he informed Sergeant Hibbard he could not be housed with inmate Simpson due to security reasons and was again slammed face first, into the ground, this time by officers T. Jones and A. Acuna, causing further injury. (ECF No. 1 at 6.) T. Jones and A. Acuna were supervised by Sergeant Hibbard and

1  Sergeant Baker. (Id.)

2      Sergeant Baker ordered an officer to place plaintiff in leg irons and, acting with several other officers, slammed plaintiff into a medical gurney. (Id.) The officers physically threw plaintiff into the cell with inmate Simpson, causing injury. (Id.)

    Plaintiff alleges Sergeant Hibbard and Sergeant Baker failed to properly train and supervise defendants Rodriguez, Leavens, jones, and Acuna and failed to protect him. (ECF No. 1 at 7.) The complaint contains no specific allegations against defendant Lynch except that Lynch was employed as Warden at the prison. (Id. at 3.)

### III. Discussion

    For screening purposes, plaintiff states an Eighth Amendment excessive force claim against defendants Hibbard, Baker, Leavens, Rodriguez, Jones and Acuna. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992) ("In order to establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline."). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7.

    The complaint does not, however, state a distinct Eighth Amendment claim for failure to protect against defendants Hibbard and Baker. A prison guard's failure to protect an inmate from injury inflicted by other prison guards violates the Eighth Amendment when the guard fails to intervene with deliberate indifference to a serious risk of harm to the prisoner's health and safety. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1069 (9th Cir. 2016) ("An excessive force claim requires an affirmative act; a failure-to-protect claim does not require an affirmative act."). Here, both defendants Hibbard and Baker allegedly took affirmative acts toward the use of excessive force against plaintiff. The additional allegations that T. Jones and A. Acuna were supervised by Sergeant Hibbard and Sergeant Baker who failed to properly train and supervise them is insufficient to state a distinct Eight Amendment

claim for failure to protect.

Plaintiff also fails to state any claim against defendant Lynch. There must be an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). Plaintiff does not link Lynch with any affirmative act or omission that demonstrates a violation of plaintiff's federal rights. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Defendant Lynch cannot be liable solely because of holding a supervisory position as warden. See Rodriguez v. County of Los Angeles, 891 F.3d 776, 798 (9th Cir. 2018) (a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others).

## IV.     Leave to Amend

Plaintiff states an Eighth Amendment excessive force claim against defendants Hibbard, Baker, Leavens, Rodriguez, Jones and Acuna. No other claims are stated. Plaintiff may proceed on the complaint as screened or may file an amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to proceed on the complaint as screened, the court will construe this as a request to voluntarily dismiss any additional claims and defendants pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure.

Plaintiff must complete and return to the court the attached notice along with an amended complaint if opting to amend. Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Any amended complaint should be titled "First Amended Complaint" and reference the case number.

## V.     Plain Language Summary for a Pro Se Party

Your allegations against defendants Hibbard, Baker, Leavens, Rodriguez, Jones and Acuna state an Eighth Amendment excessive force claim. You may proceed on the complaint with these claims and have the defendants served or you may file an amended complaint. You must complete the attached notice and return it to the court within 30 days from the date of this order, along with any optional amended complaint.

**VI.   Conclusion and Order**

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint states an Eighth Amendment excessive force claim against defendants Hibbard, Baker, Leavens, Rodriguez, Jones and Acuna; plaintiff may proceed on the complaint as screened or file an amended complaint.
2. Within thirty (30) days of the date of this order, plaintiff shall complete and return the attached Notice of Election form along with any optional amended complaint.
3. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  April 1, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, youn1869.scrn.elect

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE POWELL YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>JEFF LYNCH, et al.,<br><br>  Defendants | 2:24-cv-1869-CKD P<br><br>PLAINTIFF'S NOTICE OF ELECTION |

Check one:

\_\_\_\_\_   Plaintiff wants to proceed on the complaint as screened with an Eighth Amendment excessive force claim against defendants Hibbard, Baker, Leavens, Rodriguez, Jones and Acuna.

\_\_\_\_   Plaintiff wants to file an amended complaint.

DATED:_____           _____
                                                                                            Plaintiff pro se